UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **FREDDIE KELLY** | : | **DOCKET NO. 3:22-cv-03451** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **INTEGON NATIONAL INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant Integon National Insurance Company. Doc. 17. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's home in Monroe, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Plaintiff, through attorneys formerly associated with the law firm McClenny Moseley and Associates, PLLC ("MMA"), filed suit in this court on August 23, 2022, raising claims of breach of insurance contract and bad faith against Integon National Insurance Company under Louisiana law. Doc. 1. The complaint claims that the property at 1200 S. 9th Street, Monroe, Louisiana,

71202, was insured by defendant at the time of the hurricanes and that the insurance policy in place during the hurricanes was policy number 7010002. *Id.* at ¶ 1.

Plaintiff became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 16. The Termination Order also lifted the stay in this matter. *Id.* Defendant then filed the instant motion claiming it did not issue a policy of insurance to plaintiff. Doc. 17, att. 1, p. 4. Defendant further asserts that plaintiff's residence was subject to a mortgage by The Independent Bankers Bank ("IBB") at the time of the alleged loss, and IBB is the named insured in the policy defendant issued for the property. *Id.* at pp. 3–4. According to defendant, plaintiff's name does not appear in the policy, nor is he named as a third-party beneficiary under the policy. *Id.* at p. 4. Defendant attached the policy to its motion. Doc. 11, atts. 2–3. Plaintiff has not responded to the motion, despite the court's explanation to plaintiff of his rights and responsibilities as a *pro se* litigant and warnings of what could be the result were he to ignore those responsibilities. Docs. 16.[1]

## II.
### LAW AND ANALYSIS

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks

---

[1] "Failure to follow rules and cooperate could result in penalties being imposed, which ultimately could result in a recommendation that the case be dismissed." Doc. 16, p. 4.

omitted). To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In assessing a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricanes Laura and Delta. Additionally, the policy attached to the motion to dismiss lists 1200 S. 9th Street, Monroe, Louisiana, 71202—the same address listed in the complaint—as the covered property. Doc. 17, att. 2, p. 7. Thus, we find that the policy attached to defendant's motion [doc. 17, atts. 2–3] is the insurance policy referenced in the complaint and that said policy is central to all of plaintiff's claims.[2] Accordingly, we may consider the policy in our assessment of the instant motion.

The complaint claims the policy "was in full force and effect on both August 27, 2020 and October 9, 2020." Doc. 1, p. 3, ¶ 8. The complaint also alleges that plaintiff was a party to the policy and that the policy "constituted a contract between Plaintiff and Defendant." *Id.* at ¶ 7. But the policy itself names Dovenmuehle Mortgage, Inc. and its successors and/or assigns as the named insured. Doc. 17, att. 3, p. 2. Additionally, a different portion of the policy names IBB as the named insured. Doc. 17, att. 2, p. 7. Nowhere does the policy list plaintiff as the named insured, but it does name plaintiff as the borrower. *Id.* Because the policy's contents contradict the complaint's factual allegations, the policy—not the allegations—controls. *U.S. ex rel. Riley v. St.*

---

[2] We note that another court, when presented with documents nearly identical to attachments 2 and 3 to the motion, similarly found that both documents made up the policy, which was central to plaintiff's complaint. *Tardo v. Integon Nat'l Ins. Co.*, No. 23-296, 2023 WL 2757088, at *2 (E.D. La. Apr. 3, 2023).

*Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (asserting that the exhibit controls when its contents contradict the complaint's allegations).

Defendant argues that plaintiff lacks standing to enforce the policy because he is not the named insured, an additional insured, or a third-party beneficiary. Doc. 11, att. 1, p. 6. Review of the policy makes clear that plaintiff is neither a named insured nor an additional insured. *See* doc. 11, atts. 2–3. Under Louisiana law, a contract for the benefit of a third party is never presumed. *Joseph v. Hospital Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). Thus, the third party claiming the benefit must show (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided to the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promise. *Id.*

In cases involving similar policies, courts have found that the policy constituted a clear intent to benefit the borrower if the loss amount exceeded the mortgage balance. *Tardo*, 2023 WL 2757088, at *4 (citing *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997 at *4–5 (E.D. La. July 2, 2008)). However, this case is distinguishable because, unlike in *Tardo*, plaintiff has not argued the existence of a stipulation for third party benefit; he filed no response to the instant motion. Thus, plaintiff has not even attempted to meet his burden to prove he is a third-party beneficiary to this contract. Because we see no indication that plaintiff is a third-party beneficiary and because plaintiff is not the named insured or an additional insured, plaintiff has failed to state a claim to relief that is plausible on its face. Accordingly, we recommend that this matter be dismissed with prejudice.

### B. Failure to Prosecute

In the event that the district court finds that plaintiff has stated a claim to relief that is plausible on its face, we nevertheless recommend that the case be dismissed, but without prejudice, for plaintiff's failure to prosecute and abide by orders of the court.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

In the Termination Order, the undersigned explained to plaintiff his rights and obligations as a *pro se* plaintiff, including the responsibility to "be aware of and abide by the various orders and rules of the court." Doc. 16, p. 4. The court also set a status conference that plaintiff was ordered to attend in person and warned plaintiff that failure to fulfill his obligations as a *pro se* litigant could result in penalties, which could result in a recommendation that the case be dismissed. *Id.* The court held the status conference on August 16, 2023, in Monroe, Louisiana. Doc. 24. Plaintiff did not appear for the status conference as instructed. *Id.* The court has received no contact from plaintiff regarding the case.

As of this date, no attorney has moved to enroll on plaintiff's behalf. Plaintiff has not participated in the prosecution of this case, including responding to the current motion. We see no action plaintiff has taken to move this case along to its completion. Accordingly, we alternatively recommend that this civil action be dismissed without prejudice for failure to prosecute and abide by the orders of the court.

### III.
#### Conclusion

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 17] be **GRANTED** as unopposed, and all claims against defendant Integon National Insurance Company should be **DISMISSED WITH PREJUDICE**.

Alternatively, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE